UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID R. MORABITO and COLETTE M.G.
MORABITO,

                     Plaintiffs,     **No. 6:17-cv-06853-MAT**
        -vs-                              **DECISION AND ORDER**

THE STATE OF NEW YORK, THE NEW
YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION and
BASIL SEGGOS, *Commisioner of the
New York State Department of
Environmental Conservation*,

                     Defendants.

---

**I. INTRODUCTION**

Plaintiffs David R. Morabito ("Mr. Morabito") and Collette M.G. Morabito ("Mrs. Morabito") (collectively "Plaintiffs" or the "Morabitos") bring this suit against Defendants the State of New York (the "State"), the New York State Department of Environmental Conservation ("NYSDEC"), and NYSDEC Commissioner Basil Seggos ("Commissioner Seggos") (collectively "Defendants"), alleging violations of the Fifth Amendment's "Takings" Clause and the Fourteenth Amendment's Due Process Clause. In particular, Plaintiffs allege that the State's decision to ban high-volume hydraulic fracturing ("HVHF") on property owned by Plaintiffs constituted a regulatory taking and/or an arbitrary and irrational restriction on Plaintiffs' property rights.

Three motions are currently pending before the Court: a motion to dismiss filed by Defendants (Docket No. 7) and two motions for leave to file an amended complaint (Docket Nos. 11 and 14) filed by

Plaintiffs. For the reasons discussed below, Defendants' motion is granted and Plaintiffs' motions are denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from Plaintiffs' complaint, filed in this Court on December 12, 2017. Docket No. 1. As required at this stage of the proceedings, the Court has treated Plaintiffs' factual allegations as true. The Court has further taken judicial notice of the public proceedings held by NSYDEC which culminated in the prohibition on HVHF in New York. *See Schubert v. City of Rye*, 775 F. Supp. 2d 689, 695 n.3 (S.D.N.Y. 2011) (courts may take judicial notice of state administrative proceedings on a motion to dismiss, because they are public records). The Court has limited its consideration of the public record to the timing of the proceedings, and has not treated the conclusions reached by NYSDEC as true. *See id.* (considering public records "for the limiting purposes of determining the fact of the meetings and the actions taken by the relevant parties, not for the truth of any statements made during these proceedings").

Plaintiffs are residents of Monroe County and have at all relevant times been the owners in fee simple of properties located in Monroe and Allegany Counties. "[O]ver a number of years," Plaintiffs have contacted NYSDEC "seeking permission to receive a permit or to commence the permit process to conduct high volume hydraulic fracturing (HVHF) on their property(s) located in Western New York." Docket No. 1 at ¶ 11.

HVFF is a well-stimulation technique used to extract natural gas from rock. New York State has been studying the environmental impact of HVHF for a number of years. In September 2009, pursuant to New York's State Environmental Quality Review Act ("SEQR"), NYSDEC issued a draft supplemental generic impact statement ("SGEIS") related to the potential future enactment of regulations associated with HVHF.

In 2010, then-Governor David Paterson issued an executive order prohibiting NYSDEC from issuing permits for HVHF pending the completion of the SGEIS under SEQR. This executive order was extended by Governor Andrew Cuomo in 2011.

A period of public comment related to the draft SGEIS was held, during which more than 13,000 public comments were submitted. NYSDEC issued a revised draft SGEIS on September 7, 2011. NYSDEC held additional public hearings following the issuance of the revised draft SGEIS and received another 67,000 public comments.

In 2012, former NYSDEC Commissioner Joseph Martens ("Former Commissioner Martens") asked Dr. Joseph Zucker, Commissioner of the New York Department of Health (the "NYSDOH"), to review and assess the potential health impacts set forth in the SGEIS. The NYSDOH conducted a public health review in which it reviewed the scientific literature, engaged outside expert consultants, engaged in field visits, and communicated with various stakeholders. In December 2014, the NYSDOH released a Public Health Report of High-

Volume Hydraulic Fracturing for Shale Gas Development, in which it recommended that HVHF not proceed in New York State.

According to Plaintiffs, on January 16, 2015, Former Commissioner Martens instructed Bradley J. Field, the former NYDEC Director of the Division of Mineral Resources, to inform Plaintiffs that New York's HVHF prohibition would apply to all New York property owners.

In June 2015, NYSDEC issued its final SGEIS related to HVHF, as well as a legally binding Findings Statement. The final SGEIS and Findings Statement concluded that a prohibition on HVHF was the best available alternative to balance environmental protection, public health concerns, and economic and social considerations.

Mr. Morabito commenced an action[1] in New York State Supreme Court pursuant to Article 78 of New York's Civil Procedure Law and Rules, in which he alleged that the statewide ban on HVHF was arbitrary and capricious and had deprived him of his right to due process. Defendants sought dismissal and on February 10, 2016, the New York State Supreme Court, Albany County (the "trial court") dismissed Mr. Morabito's Article 78 petition in its entirety. In particular, the trial court concluded that Mr. Morabito lacked standing to bring his action.

---

[1] The complaint alleges that this action was commenced by "Plaintiff(s)." *See* Docket No. 1 at ¶ 14). A review of the judicial decisions issued in connection with this action indicates that Mr. Morabito was the sole plaintiff. *See Morabito v. Martens*, 149 A.D.3d 1316 (3d Dep't 2017), *leave to appeal denied*, 29 N.Y.3d 916 (2017).

Mr. Morabito timely appealed the dismissal of his Article 78 petition to the Appellate Division, Third Department (the "Appellate Division"). On appeal, Mr. Morabito contended that the trial court had erred in finding that he lacked standing. He further argued that the matter should have been heard by a judge who had participated in a program, put on by the National Judicial College, that offered training on the mechanical aspects of HVHF, and that the trial judge had labored under "preconceived and prejudicial presumptions." Docket No. 1 at ¶ 16. On April 13, 2017, the Appellate Division entered an order affirming the trial court's dismissal if the Article 78 petition. *See Morabito v. Martens*, 149 A.D.3d 1316 (3d Dep't 2017).

Mr. Morabito sought leave to appeal the Appellate Division's decision to the New York State Court of Appeals (the "Court of Appeals"). The Court of Appeals denied Mr. Morabito's request on September 7, 2017. *See Morabito v. Martens*, 29 N.Y.3d 916 (2017). Plaintiffs then commenced the instant action on December 12, 2017. Docket No. 1.

**III. DISCUSSION**

    **A.    Defendants' Motion to Dismiss**

        **1.    Legal Standard**

"To survive a motion to dismiss [made pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

5

(2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not provide "detailed factual allegations," it nevertheless must assert "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The plaintiff must plead facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (citations omitted). In deciding the a Rule 12(b)(6) motion, the Court must accept as tru, all factual allegations in the complaint, and must draw all reasonable inferences in favor of the nonmovant. *See Atwood v. Cohen & Slamowitz LLP*, 716 F. App'x 50, 52 (2d Cir. 2017).

### 2. Defendants are Immune to Plaintiffs' Claims

As a threshold matter, Defendants contend that this matter must be dismissed because they are immune to Plaintiffs' claims. The Court agrees. Moreover, because the Court finds this issue dispositive, the Court does not reach Defendants' other arguments in favor of dismissal.

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also New Holland*

6

*Vill. Condo. v. DeStaso Enterprises Ltd.*, 139 F. Supp. 2d 499, 501 (S.D.N.Y. 2001) ("Absent a State's consent or valid Congressional abrogation of its sovereign immunity, a suit in federal court by private parties against the State, its agencies, or its officials acting in their official capacity, seeking money damages, is barred by the Eleventh Amendment to the United States Constitution.").

In this case, Plaintiffs seek to bring their due process claim and their regulatory takings claim pursuant to 42 U.S.C. § 1983 ("Section 1983"). Section 1983 "establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 197 (N.D.N.Y. 2015) (internal quotation). However, "it is settled law" that Section 1983 does not "operate to abrogate the State's Eleventh Amendment immunity." *Gebman v. New York*, No. 07-CV-1226 GLS-DRH, 2008 WL 2433693, at *4 (N.D.N.Y. June 12, 2008) (finding regulatory takings claim brought pursuant to Section 1983 barred by the Eleventh Amendment); *see also Knight v. State of N. Y.*, 443 F.2d 415, 418 (2d Cir. 1971) (finding New York State immune from suit alleging unlawful taking); *McCluskey v. New York State Unified Court Sys.*, 442 F. App'x 586, 588 (2d Cir. 2011) (due process claim against New York's Unified Court System was "barred by the Eleventh Amendment since [the court system] is an arm of the State of New York").

In this case, Plaintiffs' complaint asserts Section 1983 claims against the State, NYDEC, and Commissioner Seggos "in his

7

official capacity." Docket No. 1 at ¶¶ 8-10. All of these Defendants are immune from suit under the Eleventh Amendment. *See Pennhurst*, 465 U.S. at 101-102 (Eleventh Amendment immunity applies in suit against state officials where the state is the real party in interest); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 89 (1989) ("an official-capacity action is in reality always against the State"). Moreover, Plaintiffs have not plead, nor could they plausibly do so, that the State has waived its Eleventh Amendment immunity in connection with their claims. Accordingly, Plaintiffs' complaint cannot be maintained against Defendants and must be dismissed.

### B. Plaintiffs' Motions to Amend

#### 1. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend shall be given freely "when justice so requires." Nevertheless, it remains "within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation omitted). In particular, the Court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A proposed amendment is futile where it "fails to state a claim on which relief can be granted." *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014). "The adequacy of a proposed amended complaint to state a claim is to be judged by the

8

same standards as those governing the adequacy of a filed pleading." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

## 2. Plaintiffs' Proposed Amendments are Futile

In this case, Plaintiffs have filed two separate motions for leave to amend. Docket Nos. 11, 14. Having reviewed the proposed amended complaints submitted in connection with these motions, the Court finds that both would be subject to dismissal under Rule 12(b)(6). Accordingly, the proposed amendments are futile, and leave to amend is denied.

As discussed at length above, Plaintiffs' claims are barred by the Eleventh Amendment. The proposed amended complaints attempt to circumvent the issue of Eleventh Amendment immunity in two ways. First, Plaintiffs seek to assert claims against Commissioner Seggos in his individual capacity. Second, Plaintiffs have included a request for injunctive relief in the later-filed of their proposed amended complaints. Neither of these additions to Plaintiffs' allegations would permit Plaintiffs to proceed with their claims.

### i. Plaintiffs do not State a Claim Against Commissioner Seggos in his Individual Capacity

Turning first to Plaintiffs' attempt to sue Commissioner Seggos in his individual capacity, "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206,

229 (2d Cir. 2004). In this case, the proposed amended complaints contain no allegations of personal involvement by Commissioner Seggos whatsoever. To the contrary, Plaintiffs affirmatively allege that it was the "former Commissioner" of NYSDEC who denied them the ability "to commence the process or receive a permit to conduct HVHF." Docket No. 14 at ¶ 13; *see also* Docket No. 11 at ¶ 12 (alleging that it was "former Commissioner Martens" who instructed his staff to inform Plaintiffs that New York's HVHF prohibition applied to all New York property owners). Commissioner Seggos is not mentioned in the proposed amended complaints beyond being identified as a party, nor are any actions he allegedly took with respect to Plaintiffs or the HVHF ban identified. Plaintiffs' proposed amended complaints therefore fail to state a claim against Commissioner Seggos in his individual capacity.

### ii. Plaintiffs have not Pled a Plausible Claim for Prospective Relief

Plaintiffs' inclusion of a request for injunctive relief in one of their proposed amended complaints also does not render their claims viable. While it is true that "the Eleventh Amendment does not bar suits alleging an ongoing violation of federal law and seeking prospective (i.e., injunctive) relief, brought against state officials in their official capacities," *Stevens v. New York*, 691 F. Supp. 2d 392, 398 (S.D.N.Y. 2009), Plaintiffs have failed to state a plausible basis on which this Court could grant the prospective relief they seek.

10

The sole prospective relief sought by Plaintiffs is "[a]n injunction imposed against Defendants banning Plaintiffs the ability to commence High Volume Hydro Fracturing on their property(s) [sic]." Docket No. 14 at 102. In order to grant the broad, far-reaching prospective relief sought by Plaintiffs, the Court would have to find that New York's ban on HVHF was facially unconstitutional, as opposed to constituting a taking for which Plaintiffs are entitled only to monetary compensation. *See Caruso v. Zugibe*, 646 F. App'x 101, 105 (2d Cir. 2016) (to validly seek prospective relief, plaintiff must allege an ongoing violation of federal law, as opposed to a past violation for which money damages are owed). However, Plaintiffs' claim that the HVHF ban failed to comport with the requirements of the Due Process Clause was already fully litigated and dismissed in New York State court. Accordingly, pursuant to 28 U.S.C. § 1738 ("Section 1738") and the doctrine of collateral estoppel, Plaintiffs may not now pursue such a claim in this Court.

Section 1738 provides that the judicial proceedings of the court of any state "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." The Supreme Court has explained that "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from

11

which the judgments emerged." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Accordingly, to the extent that Plaintiffs would be prohibited from pursuing their due process claim in New York's courts, they are also prohibited from pursuing it in this Court.

In this case, Mr. Morabito commenced a proceeding in New York state court wherein he expressly alleged that New York's HVHF ban was unconstitutional, having been obtained without due process of law. The trial court determined that Mr. Morabito lacked standing to pursue this claim, a decision that was subsequently upheld by the Appellate Division. The Court must determine as a threshold matter what preclusive effect a New York court would give this judgment.

Under New York law, "the doctrine of collateral estoppel, a narrower species of *res judicata*, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984). Collateral estoppel, also sometimes referred to as issue preclusion, applies to rulings on the issue of standing. *See Glass v. Del Duca,* 151 A.D.3d 941, 942 (2d Dep't 2017) ("The doctrine of collateral estoppel bars relitigation of the issue of the individual plaintiffs' standing to bring the first two causes of action" where the issue of standing was "was raised and decided

against [one plaintiff] on the merits in a separate action" and the other plaintiffs were in privity); *Martin v. Bixby*, 40 A.D.3d 1277, 1278 (3d Dep't 2007) (plaintiff's claims precluded by prior resolution of standing issue against him); *Fallek v. Becker, Achiron & Isserlis*, 246 A.D.2d 394, 395 (1st Dep't 1998) (lower court correctly found that plaintiff was collaterally estopped by prior order holding that he lacked standing). Moreover, "[c]ourts in this Circuit routinely apply collateral estoppel to the issue of standing." *CIT Bank N.A. v. Conroy*, No. 14-CV-5862, 2017 WL 1745486, at *5 (E.D.N.Y. May 3, 2017) (internal quotation omitted) (finding claims barred where state court had determined plaintiffs lacked standing in prior proceeding).

Mr. Morabito had a full and fair opportunity to litigate his standing to challenge the constitutionality of New York's HVHF ban in state court. That issue was decided against him on the merits by the trial court, which concluded that he had not demonstrated an injury in fact distinct from that of the public at large, and that he was in the same position as every other landowner in the state of New York. That determination was upheld on appeal by the Appellate Division. *See Morabito*, 149 A.D.3d at 1316-17. Accordingly, the doctrine of collateral estoppel applies, and Mr. Morabito cannot relitigate that issue in this Court. His attempt to do so in the proposed amended complaints is therefore futile.

Moreover, although Mrs. Morabito was not a party to the state court action, she is in privity with Mr. Morabito. In the context of collateral estoppel, privity extends to "those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and [those who are] coparties to a prior action." *Buechel v. Bain*, 97 N.Y.2d 295, 304 (2001) (finding parties in privity with former law partner because he was co-signatory to disputed agreement). Here, Mrs. Morabito and Mr. Morabito share the same property interests, which were represented by Mr. Morabito in the prior action. *See, e.g., Parolisi v. Slavin*, 98 A.D.3d 488, 490 (2d Dep't 2012) (finding plaintiff in privity with prior owners of his property). As such, Mrs. Morabito is equally estopped from relitigating the issue of standing before this Court.

Because Plaintiffs are barred by Section 1783 and the doctrine of collateral estoppel from pursuing a claim that New York's ban on HVHF is unconstitutional based on the Due Process Clause, there is no basis on which they can seek prospective relief. Accordingly, their inclusion of such a request in their proposed amended complaint does not render their claims viable. Accordingly, the Court denies Plaintiffs' motions for leave to amend on the basis of futility.

**IV. CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss this action (Docket No. 7) is granted. Plaintiffs' motions for leave to amend (Docket Nos. 11 and 14) are denied. The Clerk of the Court is instructed to enter judgement in favor of the Defendants and to close the case.

**ALL OF THE ABOVE IS SO ORDERED**.

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 18, 2018
         Rochester, New York