```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| DAVID R. MORABITO and COLETTE M.G. MORABITO,<br><br>                      Plaintiffs,<br>      -vs-<br><br>THE STATE OF NEW YORK, THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION and BASIL SEGGOS, *Commissioner of the New York State Department of Environmental Conservation*,<br><br>                      Defendants. | **No. 6:17-cv-06853-MAT**<br>**DECISION AND ORDER** |

## I. INTRODUCTION

Plaintiffs David R. Morabito ("Mr. Morabito") and Collette M.G. Morabito ("Mrs. Morabito") (collectively "Plaintiffs" or the "Morabitos") commenced this suit against Defendants the State of New York (the "State"), the New York State Department of Environmental Conservation ("NYSDEC"), and NYSDEC Commissioner Basil Seggos ("Commissioner Seggos") (collectively "Defendants") on December 12, 2017, alleging violations of the Fifth Amendment's Takings Clause and the Fourteenth Amendment's Due Process Clause related to the State's decision to ban high-volume hydraulic fracturing on property owned by Plaintiffs. Docket No. 1. Defendants subsequently moved to dismiss the complaint (Docket No. 7), and Plaintiffs responded with two motions for leave to amend (Docket Nos. 11 and 14).

On June 18, 2018, the Court entered a Decision and Order (the "June 18th Decision and Order") (Docket No. 26) granting Defendants' motion to dismiss and denying Plaintiffs' motions for leave to amend. In particular, the Court found that Defendants were immune to Plaintiffs' claims pursuant to the Eleventh Amendment. The Court also found that Plaintiffs' proposed amended complaint failed to allege a plausible claim against Commissioner Seggos in his individual capacity, because they had not alleged that he was personally involved in the alleged deprivation of rights. The Court further found that Plaintiffs' request to amend their complaint to include a claim for prospective relief was futile, because Plaintiffs had already litigated their due process claim in state court, and were therefore barred from relitigating it in this Court pursuant to 28 U.S.C. § 1738 and the doctrine of collateral estoppel. Pursuant to the June 18th Decision and Order, judgment was entered in favor of Defendants on June 19, 2018. Docket No. 27 (the "Judgment").

Currently pending before the Court are two motions by Plaintiffs seeking vacatur of the June 18th Decision and Order and the Judgment. Docket Nos. 28, 29. For the reasons set forth below, the motions are denied.

**II. Discussion**

   **A. Legal Standard**

As set forth above, Plaintiffs have filed two motions for vacatur in this matter. The first (Docket No. 28) is brought pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)"), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." The second (Docket No. 29) is brought pursuant to both Rule 60(b) and Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), which permits a party to file a motion to alter or amend a judgment within 28 days of entry.

A party seeking relief pursuant to Rule 60(b)(6) is required "to show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation omitted); *see also Intellectual Prop. Watch v. United States Trade Representative*, 205 F. Supp. 3d 334, 352 (S.D.N.Y. 2016) ("[Rule 60(b)(6) motions] are disfavored and should only be granted upon a showing of extraordinary circumstances, or extreme hardship.") (internal quotation omitted).

Turning to Rule 59(e), "[t]here are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.... Second, the

3

motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law." 11 Fed. Prac. & Proc. Civ., *Grounds for Amendment or Alteration of Judgment*, § 2810.1 (3d ed.) (footnotes omitted). "The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 256 (2d Cir. 1995).

**B.   Plaintiffs have not Shown that Vacatur is Warranted**

Here, whether considered under the Rule 59(e) standard or the Rule 60(b) standard, Plaintiffs have failed to demonstrate that vacatur is warranted. Plaintiffs argue that the June 18th Decision and Order contained "numerous factual inaccuracies" that warrant reconsideration. Docket No. 29 at ¶ 3. However, these so-called "factual inaccuracies" are nothing more than a rehashing of arguments that the Court has already rejected.

First, Plaintiffs contend that the Court erred in concluding that their due process claim had been "'fully litigated and dismissed in New York State Court'" (*Id*. (quoting Docket No. 26 at 11) because their state court claim was dismissed on standing

4

grounds.  Plaintiffs argument misapprehends the meaning of "fully litigated" in this context.  The Court is aware that the state courts did not reach the merits of Plaintiffs' due process claim, and discussed at length in the June 18th Decision and Order the fact that the state court's dismissed the matter due to lack of standing.  *See* Docket No. 26 at 12.  However, as the Court further explained, "[c]ollateral estoppel, also sometimes referred to as issue preclusion, applies to rulings on the issue of standing." *Id.*  Accordingly, the Court had to consider whether Plaintiffs had "a 'full and fair opportunity' to litigate the standing issue" in state court." *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 362 (S.D.N.Y. 2014).  The Court concluded that Plaintiffs did have such an opportunity, and that, as such, the issue could not be relitigated in front of this Court.  Plaintiffs have provided no new evidence, overlooked case law, or any other "extraordinary circumstance" that would change this conclusion.

Second, Plaintiffs contend that the Court erred in its determination that Defendants were immune under the Eleventh Amendment, because Plaintiffs sought leave to assert claims against Commissioner Seggos in his individual capacity.  The Court fully considered this argument by Plaintiffs in the June 18th Decision and Order.  As the Court explained therein, although Plaintiffs sought leave to include an individual capacity claim against Commissioner Seggos, they had made no factual allegations whatsoever related to

5

actions taken by Commissioner Seggos. "To the contrary, Plaintiffs affirmatively allege that it was the 'former Commissioner' of NYSDEC who denied them the ability 'to commence the process or receive a permit to conduct HVHF.'" Docket No. 26 at 10 (quoting Docket No. 14 at ¶ 13)). As the Court explained, the lack of any allegations of personal involvement by Commissioner Seggos was fatal to an individual capacity claim against him. Again, Plaintiff has failed to provide any new basis for the Court to reconsider its prior conclusion and simply reiterates an argument that this Court has already fully considered.

Finally, Plaintiffs attempt to relitigate their request to add a claim for prospective injunctive relief. The Court will not repeat its analysis of this claim here, having thoroughly discussed the matter in the June 18th Decision and Order. The Court notes again that the June 18th Decision and Order fully acknowledged and considered the fact that the state court proceedings were dismissed on standing grounds, and nevertheless concluded that collateral estoppel applied. Plaintiffs' disagreement with that conclusion is simply not a basis to reopen this matter or to disturb the Judgment. *See United Airlines, Inc. v. Brien*, 588 F.3d 158, 177 (2d Cir. 2009) ("The agency's grounds for the Rule 60(b)(6) motion – which essentially boil down to a claim that the decision was wrong – are not sufficiently extraordinary to justify reopening a closed case....").

6

## III. Conclusion

For the reasons set forth above, Plaintiffs' motions to vacate the June 18th Decision and Order and the Judgment (Docket Nos. 28, 29) are denied.

**ALL OF THE ABOVE IS SO ORDERED.**

**s/Michael A. Telesca**
_____
MICHAEL A. TELESCA
United States District Judge

Dated: August 6, 2018
Rochester, New York